**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

LUKAS SHAYO,

                        Plaintiff,                        Case No.: 1:23-cv-365

                                              **COMPLAINT**

v.

                                              **JURY TRIAL DEMANDED**

CENTSAI INC., ARINDAM NAG,
DORIA LAVAGNINO,

                        Defendants.
_____

      Plaintiff Lukas Shayo (formerly known as Lauren Shayo), by and through his undersigned attorney, alleges upon personal knowledge as to some and information and belief as to the rest, the following:

<u>**NATURE OF THE ACTION**</u>

1. Plaintiff Lukas Shayo seeks actual damages, statutory damages, interest, attorney's fees and costs from Defendants for violations of the Fair Labor Standards Act, New York Labor Law, New York City Freelance Isn't Free Act, codified at N.Y.C. Admin. Code §§ 20-927 et seq. and R.C.N.Y. §§ 7-501 et seq., and/or for common law breach of contract and/or unjust enrichment.

<u>**PARTIES**</u>

2. Plaintiff Lukas Shayo ("Shayo"), is an adult natural person, residing in Brooklyn, New York.

3. Defendant CentSai Inc. ("CentSai") is a foreign corporation with a principal place of business at 455 7th Street, Brooklyn, New York 11215.

4. CentSai is a Delaware corporation that is not registered to do business in the state of New York.

5. At all times relevant hereto, Defendant CentSai has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6. At all relevant times hereto, Defendant CentSai has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

8. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

9. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.

10. At all relevant times hereto, Defendant has employed at least four (4) individuals within the meaning of the NYCHRL and the NYSHRL.

11. Defendant Arindam Nag ("Nag") is a natural person, and the Chief Executive Officer ("CEO") and owner of CentSai Inc.

12. Defendant Nag Resides in Kings County New York.

13. Defendant Doria Lavagnino ("Lavagnino") is a natural person, and the Editor-in-Chief and owner of CentSai Inc.

14. Defendant Lavagnino resides in Kings County New York.

15. Defendants Nag and Lavagnino are natural persons engaged in business in the State of New York, who are sued individually in their capacity as owner, manager, and/or agent of the Corporate Defendant.

16. Defendants Nag and Lavagnino exercise operational control over the Corporate Defendant's operations.

17. At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL. Defendants Nag and Lavagnino possessed the power to hire and fire Plaintiff, controlled his terms and conditions of employment, determined the rate and method of any compensation in exchange for his services, and maintained records of his employment.

18. Defendants Nag and Lavagnino, among other actions, hired and fired Plaintiff, set his rates of pay, determined his schedule, and maintained employment records.

19. Defendants Nag and Lavagnino are Plaintiffs' employer under the FLSA and NYLL and are individually liable to Plaintiff.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action because it involves a question of federal law under, 29 U.S.C. §201, 29 U.S.C. §2l6(b), 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1343.

21. This Court has supplemental jurisdiction over the state law claims because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and 28 U.S.C. §1367.

22. The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and pursuant to 28 U.S.C. §1391.

## FACTS

23. Defendant CentSai operates as a business in Brooklyn, New York, which receives commissions from financial institutions for finding them customers.

24. Defendant CentSai runs a website that teaches individuals and entities about finance. It does this work by publishing articles about finance on its website.

25. Defendant Arindam Nag ("Nag") is the cofounder, owner, and CEO of CentSai.

26. Defendant Doria Lavagnino ("Lavagnino") is the cofounder, owner, and the Editor-in-Chief of CentSai Inc.

27. Plaintiff was interviewed by Defendant Lavagnino and the decision to hire him was made by Defendants Lavagnino and Nag.

28. Plaintiff Shayo started working for Defendants as an editor, in what was supposed to be an "internship" on or about June 1, 2020.

29. In actuality, Plaintiff Shayo performed the work of an employee from June 1, 2020, to August 6, 2020 without being paid wages for the approximately 280 hours of work performed.

30. Defendant Nag hired other unpaid interns during Plaintiffs employment at CentSai.

31. During Plaintiff's "internship" or rather unpaid employment, Plaintiff was not given training similar to an educational environment.

32. Plaintiff received only one or two days of training as an editor by Defendants. This was the same training that would be given to an employee. Plaintiff was then set to do the work of an employee.

33. Plaintiff edited articles that the Defendants then published on Defendants' website. This is the same work that an employee would do. If fact, this was the same work that Plaintiff then did for Defendants once he became a paid employee.

34. While Plaintiff worked as an unpaid employee for Defendants, other paid employees were doing the same job as Plaintiff.

35. Plaintiff was not entitled to a job after his "internship" concluded.

36. The little training that Plaintiff did receive was not of a general nature but was narrowly focused on CentSai's standards and business needs.

37. Towards the end of Plaintiff's time as an unpaid employee, Defendants offered Plaintiff a paid position making $12.00 per hour and asked him whether he was willing to work without a contract.

38. Plaintiff informed Defendants that $12 per hour is below New York City's minimum wage.

39. Plaintiff started working for Defendants on or about August 10, 2020, as the Editorial Assistant for CentSai.

40. Defendants set the rate of pay. Plaintiff was informed by Defendants that he would be paid $15.00 per hour as an independent contractor. However, Plaintiff was effectively an employee.

41. Plaintiff and Defendants never fully executed a valid independent contractor agreement.

42. Plaintiff worked and was paid, when paid, as an independent contractor by Defendants.

43. Plaintiff would have been required to work from Defendants' office were it not to the office being closed due to the Covid 19 epidemic.

44. Defendants controlled what hours plaintiff would work.

45. Defendants directed Plaintiff on how to use their specific materials and what tools to use.

46. Defendants assigned Plaintiff small tasks that had to be performed in specific order.

47. Plaintiff was required to attend regular workplace meetings.

48. Conner McInerney and Kelly Meehan were supervisors in the editorial department in which Plaintiff worked.  McInerney wrote to Plaintiff: "Kelly and I have decided it might be a good idea to bring back weekly performance reviews just to ensure we've stayed on top of everything / get feedback from you on the work you're assigned. This is not reflective of the quality of your work, but just an extra step to ensure continuous productivity. Adding this to your calendar as a reminder to all of us each Thursday afternoon."

49. Plaintiff was given many employment performance reviews.

50. In the summer of 2021 Plaintiff was required to attend training sessions that were given to defendants' employees.

51. Mr. Nag would regularly require Plaintiff to have impromptu meetings with him.

52. Plaintiff was also required to attend regular meetings with the Defendant's clients.

53. Starting in July 2021, Defendants required Plaintiff to create and submit a detailed timesheet outlining the tasks completed on a 15-minute basis.

54. Plaintiff was also required to provide daily bullet-pointed updates regarding his work to Kelly Meehan.

55. Defendants reviewed and approved Plaintiffs work product on a granular level.

56. Arindam Nag, Doria Lavagnino, Conner McInerney, and Kelly Meehan reviewed and approved Plaintiff's work.

57. In the summer of 2021, Plaintiff and Mr. Nag had a meeting to discuss Plaintiff's performance as an employee and what future roles within CentSai may be available to Plaintiff in the future.

58. Plaintiff was required to get prior permission for absences.

59. Plaintiff was expected to message Kelly Meehan whenever he would not be available or needed time off.

60. Defendants maintained the right to hire and fire the Plaintiff.

61. Plaintiff submitted his first invoice of $900.00 to Defendants on September 3, 2020. Plaintiff sent this invoice again on September 28, 2020 as a reminder since he had not been paid.

62. Defendants did not pay Plaintiffs $900.0 invoice until October 6, 2020.

63. Defendants' failure to pay Plaintiff's earnings within 30 days is a violation of the Freelance Isn't Free Act.

64. Plaintiff sent his second invoice of $1,275 on October 1, 2020.

65. Plaintiff sent this second invoice again on November 17, 2020 as a reminder.

66. Defendants did not pay Plaintiff for his second invoice until December 1, 2020. That is two months after Defendants received the invoice.

67. Plaintiff sent his third invoice of $1,275 on November 1, 2020.

68. Plaintiff sent his Fourth invoice of $1,275 on December 1, 2020.

69. Defendants did not supply Plaintiff with a proper wage notice.

70. Defendants willfully failed to supply Plaintiff with an accurate statement of wages.

71. On December 17, 2020, more than a month and a half after Defendants received Plaintiff's third invoice, Defendants paid only $500 of the amount owed to Plaintiff via Venmo instead of the usual direct deposit payment method.

72. Venmo is a way to make payments using a mobile phone.

73. During his employment, Plaintiff was paid wages a total of three times via the personal Venmo account of Doria Lavagnino.

74. Defendants Lavagnino and Nag are CentSai's cofounders, owners, decision makers, and cohabitate together within the King County New York. Almost all of CentSai's business decisions are made by Defendants Nag and Lavagnino.

75. On December 27, 2020 Defendants paid plaintiff $2,050 via Venmo; thus Defendants failed to pay Plaintiff's third invoice for almost 2 months.

76. Plaintiff sent his fifth invoice of $1,425 on January 1, 2021.  Defendants paid this on February 11, 2021, more than 40 days after receiving the fifth invoice.

77. Plaintiff sent his sixth invoice on $1,200 on February 1, 2021.  Defendants paid this on March 10, 2021, 40 days after receiving the sixth invoice.

78. Plaintiff sent his eighth invoice on $1,425 on April 1, 2021.  Defendants paid this on June 25, 2021, 85 days after receiving the eighth invoice.

79. In the subsequent payroll invoices, Defendants continued to pay Plaintiff late. This included instances in which the Plaintiff was paid up to 65 and 66 days after Plaintiff submitted his invoice to Defendants.

80. On or about December 2021, Plaintiff started earning $20 per hour of work.

81. On or about February 10, 2022, Defendant unilaterally added to Plaintiff's responsibilities the role of project management in addition to his editorial responsibilities.

82. On or about March 7, 2022, Plaintiff contacted Defendant Nag and requests that project management responsibilities be removed from his list of responsibilities.

83. On or about March 8, 2022, Defendant Nag denied Plaintiff's request to have project management responsibilities removed.

84. On March 14, 2022, Plaintiff emailed Defendant Nag regarding the non-payment of invoice number 19. Defendant Nag responds that Plaintiff will be paid once CentSai receives an expected payment from a client.

85. Plaintiff had a conversation with Defendant Nag in which Plaintiff complained about Defendant's late payment of wages. Mr. Nag became visibly angered and told Plaintiff that he couldn't expect timely payments because CentSai's clients were not making prompt payments. It became clear to Plaintiff that Mr. Nag was angry with Plaintiff and that his position with Defendant was now insecure and at jeopardy due to Plaintiff raising the issue of late payments.

86. On March 14, 2022, Plaintiff is forced to resign his position due to Defendants' repeated late payments.

87. Plaintiff continues to work with Defendants, wrapping up tasks and training his replacement until his last day of work for Defendants, on March 31, 2022.

88. On March 31, 2022, Plaintiff submits his final invoice (invoice number 20), in the amount of $2,780 to Defendants.

89. As of the date of the filing of this lawsuit, Defendants have not paid Plaintiff's invoice number 20 in the amount of $2,780.

90. Due to Defendant's conduct, Plaintiff suffered emotional distress, anxiety, stress, major irritability which negatively affected his relationships, and was ultimately forced to give up his dream of working in the field of journalism.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act**
**Failure To Pay Wages**
**Against CentSai, Arindam Nag, and Doria Lavagnino**

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants were required to pay directly to Plaintiff the applicable wages for all hours worked.

93. The minimum wage provisions set forth in FLSA and the supporting federal regulations apply to Defendants and protect Plaintiff.

94. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

95. Defendants willfully violated the FLSA by failing to pay the minimum wage; a three (3) year statute of limitation applies to such willful violations pursuant to 29 USC §255.

96. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(s), 206(a) and 207(a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 203(e), 206(a) and 207 (a).

97. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

98. Upon information and belief, at all relevant times, Defendants had gross annual revenues in excess of $500,000.00

99. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

100. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked in violation of 29 USC §§ 206 and 207.

101. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in the Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

102. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages of unpaid wages in an amount not presently ascertainable, plus an equal amount as liquidated damages, prejudgment interest, attorney's fees, costs, other compensation pursuant to 29 U.S.C. §216, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
**New York Labor Law**
**Failure to Pay Wages**
**Against CentSai, Arindam Nag, and Doria Lavagnino**

103. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

104. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYLL § 2 and 651.

105. Defendants are required to pay Plaintiff wages earned at or above the minimum rate pursuant to NYLL 652(1).

106. Defendants are required to pay Plaintiff wages earned in accordance with the agreed terms of employment pursuant to NYLL §191(1).

107. At all times relevant herein, Defendants willfully failed to pay Plaintiff the applicable wage for each hour worked, in violation of the NYLL and its implementing

regulations and wage orders, NYLL §§ 650 et seq., 12 NYCRR § 142-2.2, and NYLL § 190 et seq.

108.     As a result of Defendants' unlawful acts, in violation of the New York Labor Law, Plaintiff is entitled to recover from Defendants the full amount of any underpayments, liquidated damages, prejudgment interest, attorney's fees and costs pursuant to NYLL §§198(1-a) and 663(1).

**THIRD CAUSE OF ACTION**
**New York Labor Law**
**Failure to Provide Wage Statements**
**Against CentSai, Arindam Nag, and Doria Lavagnino**

109.     Plaintiff alleges, and incorporates by reference, the above allegations as if set forth fully and at length herein.

110.     Defendant CentSai willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

111.     As a result, Plaintiff seeks actual and statutory damages, interest, costs, and reasonable attorney's fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**New York Labor Law**
**Failure to Provide Wage Notice**
**Against CentSai, Arindam Nag, and Doria Lavagnino**

112.     Plaintiff alleges, and incorporates by reference, the above allegations as if set forth fully and at length herein.

113.     Defendant CentSai willfully failed to supply Plaintiff notice as required by NYLL § 195, in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

114.     As a result, Plaintiff seeks actual and statutory damages, interest, costs, and reasonable attorney's fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
**New York Labor Law**
**Untimely Payment Violations**
**Against CentSai, Arindam Nag, and Doria Lavagnino**

115.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

116.     NYLL § 191 requires the timely payment of wages to employees, which Defendants failed to do.

117.     In addition, Defendants failed to pay Plaintiff for his "internship," as well as his last month of employment.

118.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks to recover in an amount to be determined at trial: attorney's fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
**Violation of the Freelance Isn't Free Act, N.Y.C. Admin. Code § 20-929 (Failure to Provide Timely and Full Payment) Against CentSai.**

119.     Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

120.     Plaintiff is a "freelance worker" as that term is defined by N.Y.C. Admin. Code § 20-927 because Plaintiff is an organization composed of no more than one natural person, that was hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation.

121.     Defendant CentSai is a "hiring party" as that term is defined by N.Y.C. Admin. Code § 20-927 because Defendant retained Plaintiff to provide a service.

122.     Plaintiff provided the foregoing services to Defendant Centsai.

123.     In violation of N.Y.C. Admin. Code § 20-929, Defendant CentSai failed to pay Plaintiff for the foregoing services on or before the date such compensation was due under the terms of the contract; or no later than 30 days after the completion of the freelance worker's services under the contract.

124.     As a result, Defendant CentSai violated N.Y.C. Admin. Code § 20-929, entitling

Plaintiff to bring this action in any court of competent jurisdiction, pursuant to N.Y.C.

Admin. Code § 20-933(a)(1), for damages as described in subdivision b of that section,

which provides:

> b. Damages.
>
> 1. *A plaintiff who prevails on a claim alleging a violation of this chapter shall be awarded damages as described in this subdivision and an award of reasonable attorney's fees and costs.*
>
> 3. *Violation of section 20-929. In addition to any other damages awarded pursuant to this chapter, a plaintiff who prevails on a claim alleging a violation of section 20-929 is entitled to an award for double damages, injunctive relief and other such remedies as may be appropriate.*
>
> *N.Y.C. Admin. Code § 20-933(b)(1), (3).*

### SEVENTH CAUSE OF ACTION
**Violation of the Freelance Isn't Free Act, N.Y.C. Admin. Code § 20-928
(Failure to Provide Written Contract)
Against CentSai**

125.     Plaintiff repeats and reasserts the foregoing allegations as though fully set forth

herein.

126.     Plaintiff is a "freelance worker" as that term is defined by N.Y.C. Admin. Code §

20-927 because Plaintiff is an organization composed of no more than one natural person,

that was hired or retained as an independent contractor by a hiring party to provide

services in exchange for compensation.

127.     Defendant CentSai is a "hiring party" as that term is defined by N.Y.C. Admin.

Code § 20-927 because Defendant retained Plaintiff to provide a service.

128.     The value of the services Plaintiff was retained by Defendant CentSai to provide

exceeded $800.00.

129.     As a result, pursuant to N.Y.C. Admin. Code § 20-928, Plaintiff was entitled to

have the contract between Defendant CentSai and Plaintiff reduced to writing, that

included, at a minimum: the name and mailing address of both the hiring party and the

freelance worker; an itemization of all services to be provided by the freelance worker;

the value of the services to be provided pursuant to the contract and the rate and method

of compensation; and the date on which the hiring party must pay the contracted

compensation or the mechanism by which such date will be determined.

130.     Defendant CentSai failed to reduce the contract between Defendant CentSai and

Plaintiff to writing that contained the foregoing minimum requirements contained in

N.Y.C. Admin. Code § 20-928.

131.     As a result, Defendant CentSai violated N.Y.C. Admin. Code § 20-928, entitling

Plaintiff to bring this action in any court of competent jurisdiction, pursuant to N.Y.C.

Admin. Code § 20-933(a)(1), for damages as described in subdivision b of that section,

which provides:

> *b. Damages.*
>
> > *1.  A plaintiff who prevails on a claim alleging a violation of this*
> >     *chapter shall be awarded damages as described in this subdivision*
> >     *and an award of reasonable attorney's fees and costs.*
> >
> > *2.  Violation of section 20-928.*

    a. *A plaintiff who prevails on a claim alleging a violation of section 20-928 shall be awarded statutory damages of $250.*

    b. *A plaintiff who prevails on a claim alleging a violation of section 20-928 and on one or more claims under other provisions of this chapter shall be awarded statutory damages equal to the value of the underlying contract for the violation of section 20-928 in addition to the remedies specified in this chapter for the other violations.*

        *N.Y.C. Admin. Code § 20-933(b)(1) and (2)(a),(b).*

## EIGHTH CAUSE OF ACTION
**Violation of the Freelance Isn't Free Act, N.Y.C. Admin. Code § 20-930**
**(Retaliation)**
**Against CentSai**

132.    Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

133.    Plaintiff is a "freelance worker" as that term is defined by N.Y.C. Admin. Code § 20-927 because Plaintiff is an organization composed of no more than one natural person, that was hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation.

134.    Defendant CentSai is a "hiring party" as that term is defined by N.Y.C. Admin. Code § 20-927 because Defendant retained Plaintiff to provide a service.

135.     Plaintiff exercised or attempted to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq., including the right to timely and full payment.

136.     Defendant CentSai was aware or should have been aware of Plaintiff's attempts to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq.

137.     Defendant CentSai took actions, directly or indirectly, to threaten, intimidate, discipline, harass, deny a work opportunity to or discriminate against Plaintiff, and/or took other actions that penalized Plaintiff for, or was reasonably likely to deter a freelancer worker from, exercising or attempting to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq., or from obtaining future work opportunities, because Plaintiff exercised or attempted to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq.

138.     As a result, Defendant CentSai violated N.Y.C. Admin. Code § 20-930, entitling Plaintiff to bring this action in any court of competent jurisdiction, pursuant to N.Y.C. Admin. Code § 20-933(a)(1), for damages as described in subdivision b of that section, which provides:

> b. *Damages.*
>
> 1. *A plaintiff who prevails on a claim alleging a violation of this chapter shall be awarded damages as described in this subdivision and an award of reasonable attorney's fees and costs.*

***

> *4.  Violation of section 20-930. In addition to any other damages awarded pursuant to this chapter, a plaintiff who prevails on a claim alleging a violation of section 20-930 is entitled to statutory damages equal to the value of the underlying contract for each violation arising under such section.*
>
> *N.Y.C. Admin. Code § 20-933(b)(1), (4).*

## NINTH CAUSE OF ACTION
**Breach of Contract**
**Against CentSai**

139.     Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

140.     A contract was formed between Plaintiff and Defendant CentSai. Plaintiff performed pursuant to the contract, and Defendant failed to perform pursuant to the contract, resulting in monetary damages.

## TENTH CAUSE OF ACTION
**Unjust Enrichment**
**Against CentSai**

141.     Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

142.     Plaintiff, reasonably relying on promises made by Defendant CentSai, conferred a benefit upon Defendant CentSai, and Defendant obtained and retained such benefit without adequately compensating Plaintiff therefor.


## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief against Defendants as follows:

    a.   an award of actual, liquidated, statutory, and emotional distress damages, as well as costs, prejudgment interest, and reasonable attorney's fees for violations of the Fair Labor Standards Act, New York Labor Law, and/or Freelance Isn't Free Act;

    b.   an order determining the reasonable value of the contract for services between Plaintiff and Defendants performed or anticipated to be performed pursuant to the R.C.N.Y. § 7-503;

    c.   an award of statutory damages in the amount of $250.00 pursuant to N.Y.C. Admin. Code § 20-933(b)(2)(a);

    d.   an award of statutory damages equal to the reasonable value of the contract for services performed pursuant to N.Y.C. Admin. Code § 20-933(b)(2)(b);

    e.   an award of "double damages" and injunctive relief pursuant to N.Y.C. Admin. Code § 20-933(b)(3);

    f.   an award of statutory damages equal to the value of the underlying contract for each violation arising under such section pursuant to N.Y.C. Admin. Code § 20-933(b)(4);

    g.   an award of reasonable attorney's fees and costs pursuant to N.Y.C. Admin. Code § 20-933(b)(1);

    h.   an award of damages related to Plaintiff's unjust enrichment;

    i.   an award of damages related to Plaintiff's breach of contract cause of action;

    j.   any other relief as the Court deems just and proper.


Dated:       Brooklyn, New York
              January 19, 2023

                               Respectfully submitted,


                      By:    /S/ *Shahab Nassirpour*
                              Shahab Nassirpour, Esq.
                              The Nassirpour Law Firm, P.C.
                              4664 County Highway 23
                              Walton, New York 13856
                              Tel: (212) 256 1979
                              *ATTORNEYS FOR PLAINTIFF*

## <u>CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT</u>

I am an individual who was formerly employed by CentSai Inc., and/or related entities. I consent

to be a Plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the

Professional Services Agreement signed by me in this case.


Lukas Shayo

_____
NAME

_____
SIGNATURE